UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRUSTEES OF THE NORTHEAST CARPENTERS
HEALTH, PENSION, ANNUITY, APPRENTICESHIP
and LABOR MANAGEMENT COOPERATION FUNDS,

                              Petitioners,                            **REPORT AND**
                                                                    **RECOMMENDATION**

               -against-                                CV 18-6074 (DRH)(AYS)

STATE WIDE INSTALLATION, INC.,

                            Respondent.
------------------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

       Petitioners, the Trustees of the Northeast Carpenters Health, Pension, Annuity,

Apprenticeship, and Labor Management Cooperation Funds ("Petitioners" or the "Funds"),

commenced this action on October 30, 2018 against Respondent, State Wide Installation, Inc.

("Respondent" or "State Wide"), to confirm and enforce an arbitration award (the "Award")

issued on March 12, 2018, in the amount of $35,041.18.  (Petition, Docket Entry ("DE") [1].)

Petitioners also seek their attorney's fees and costs incurred in enforcing the Award in the

amount of $902.50.  (Petition, DE [1].)  By Order dated November 27, 2018, the Honorable

Denis R. Hurley referred the Petition to this Court for a Report and Recommendation as to

whether the Petition should be granted.  (Order of Hurley, J., dated Nov. 27, 2018.)  For the

reasons set forth herein, it is respectfully recommended that the Petition be treated as an

unopposed motion for summary judgment, that the Petition to confirm the Award be granted, and

that judgment be entered in the amount of $35,041.18, plus attorney's fees in the amount of

$427.50 and costs in the amount of $475.00, for a total monetary award of $35,943.68.

BACKGROUND

Unless otherwise noted, the following facts are drawn from the Petition and are accepted as true for purposes of this Report and Recommendation.  Petitioners are employer and employee trustees of multi-employer, labor-management trust funds organized and operated in accordance with the Employee Retirement Income Security Act of 1947, 29 U.S.C. § 1002 ("ERISA"). (Petition ¶ 4.)  Petitioners filed the within action pursuant to Section 502(a)(3) or ERISA, as amended, 29 U.S.C. § 1132 (a)(3), and Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"), to confirm and enforce an arbitration award issued against Respondent State Wide.  (Id. ¶ 1.)

Respondent entered into a collective bargaining agreement ("CBA") with the New England Regional Council of Carpenters, f/k/a the Northeast Regional Council of Carpenters (the "Union"), for the period June 1, 1999 through May 31, 2002 (the "1999-02 CBA").  (Id. ¶ 7, and Ex. A, annexed thereto.)  Pursuant to the 1999-02 CBA, Respondent is currently bound to the Southeast Region Agreement between the Union and the "Associations" covering the period July 1, 2016 through April 30, 2019 ("2016-19 CBA").  (Petition ¶ 9, and Ex. B, annexed thereto.)

Pursuant to the 1999-02 CBA, Respondent was required, inter alia, to make contributions to the Funds for all work within the trade and geographical jurisdictions of the Union.  (Id. ¶ 10.) The 1999-02 CBA further provides that "[t]he Employer shall be bound by and shall comply with the agreements, declarations of trust, plans and/or regulations of the fringe benefit funds, and the labor management cooperation committees, so designated."  (Id. ¶ 11.)  One such agreement by which Respondent was bound was a Joint Policy for the Collection of Delinquent Contributions (the "Collection Policy").  (Id. ¶ 12, and Ex. C, annexed thereto.)

The Collection Policy provides as follows:

> If an employer fails to submit remittance reports, weekly payroll reports, or other reports of work for which contributions to the Funds are required, such that the Funds cannot determine the amount owed by the employer for a given month, then . . . the [Funds] will compute the estimated amount of contributions due by assuming that the hours for which the employer is obligated to contribute for each week in the unreported month equal the highest number of average hours for which the employer was obligated to contribute in a week for any four consecutive weeks within the 36 months immediately preceding the unreported month.

(Petition ¶ 13; Ex. C, Art. 3.2.)  Pursuant to the Collection Policy, interest on delinquent contributions is to be calculated at the rate of 0.75% per month.  (Petition ¶ 14; Ex. C, Art. 2.1.D.)  In addition, "[l]iquidated damages shall be calculated from the Due Date, and shall become due and owing if suit is commenced and/or arbitration is demanded.  The amount of the liquidated damages shall be 20% of the delinquent Contributions."  (Petition ¶ 15; Ex. C, Art. 6.1.)

The Collection Policy provides that, in the event an employer fails to remit contributions to the Funds, the matter shall be sent to arbitration before the Funds' designated arbitrator.  (Petition ¶ 18; Ex. C, Art. 2.3.)  The Collection Policy further provides that the employer shall be liable for all costs incurred in collecting delinquent contributions, including, without limitation, audit costs and arbitration fees.  (Petition ¶ 19; Ex. C, Art. 6.3.)

As set forth above, Respondent was a party to the 1999-02 CBA, which required it to, inter alia, make periodic contributions to the Funds, submit periodic reports, make its books and payroll records available upon request for an audit, and submit any disputes to final, binding arbitration.  (Petition ¶¶ 7-19.)  A dispute arose between the parties when Respondent failed to submit reports and contributions for October 2017 through January 2018.  (Id. ¶ 16.)  Pursuant to the Collection Policy, the Funds determined that Respondent owed an estimated amount of $28,753.12 in contributions.  (Id. ¶ 17.)  Also pursuant to the Collection Policy, the Funds initiated arbitration.  (Id. ¶ 20.)

3

Upon notice to all parties, an arbitration hearing was held on February 21, 2018 before the designated arbitrator, J.J. Pierson.  (Petition ¶ 20, and Ex. E, annexed thereto.)  The arbitrator held a hearing and rendered the Award, in writing, dated March 12, 2018.  (Petition ¶ 21; Ex. E.)  Respondent did not appear at the arbitration hearing.  (Ex. E.)  Upon holding the hearing, the arbitrator found that Respondent was bound by the 1999-02 CBA and in violation of its terms. (Petition ¶ 22; Ex. E.)  The Award directed Respondent to pay the Funds the sum of $35,041.18, consisting of: (1) $28,753.12 in principal contributions; (2) $325.09 in interest; (3) $4,312.97 in liquidated damages; (4) $900.00 in attorney's fees; and, (5) $750.00 for the arbitrator's fee. (Petition ¶ 22; Ex. E.)  A copy of the Award was delivered to Respondent.  (Petition ¶ 21.) Respondent has failed to abide by the Award.  (Id. ¶ 23.)

Upon Respondent's failure to comply with the Award, Petitioners commenced the within action, seeking to confirm the Award, as well as an award of reasonable attorney's fees and costs.  (DE [1].)  Respondent was duly served with the Summons and Petition on November 5, 2018.  (DE [8].)  To date, Respondent has not appeared in this action.  On November 27, 2018, Judge Hurley referred the Petition to this Court to report and recommend as to whether the Petition should be granted.  (Order of Hurley, J., dated Nov. 27, 2018.)

## DISCUSSION

I.    Legal Standard

The Second Circuit has advised district courts to consider an unanswered petition to confirm an arbitration award "as an unopposed motion for summary judgment."  D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006).  The Second Circuit noted that "Rule 55 is meant to apply to 'civil actions,' . . . where only the first step has been taken – i.e., the filing of a complaint – and the court thus has only allegations and no evidence before it."  D.H. Blair, 462

F.3d at 107 (internal citation omitted).  Unlike the typical civil action governed by Rule 55, petitions to confirm arbitration awards "are motions in an ongoing proceeding rather than a complaint initiating a plenary action."  Id. at 108 (citation omitted).  As such, proceedings to confirm an award are "generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself" and thus "the judgment the court enters should be based on the record."  Id. at 109.

It is therefore recommended that the instant Petition be treated as an unopposed motion for summary judgment.  See Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension and Welfare Funds v. Baroco Contracting Corp., No. 15-CV-5690, 2016 WL 2893239, at *2 (E.D.N.Y. Apr. 19, 2016), adopted by, 2016 WL 288907 (E.D.N.Y. May 17, 2016); see also Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension and Welfare Funds v. Town & Country Wood Flooring LLC, No. 13-CV-0040, 2013 WL 4807110, at *1-3 (E.D.N.Y. Sept. 9, 2013). Treated as such, the court cannot grant the relief sought "without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial" and that the movant is entitled to judgment as a matter of law.  D.H. Blair, 462 F.3d at 110 (internal quotation marks and citation omitted); see generally Local 339 United Serv. Workers Union v. Advanced Ready Mix Corp., No. 12-CV-4811, 2013 WL 685447, at *2 (E.D.N.Y. Feb. 24, 2013); Trustees of N.Y. City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining Educ. and Indus. Fund v. Premium Sys., Inc., No. 12 Civ 1749, 2012 WL 3578849, at *3 (S.D.N.Y. Aug. 20, 2012) (citations omitted).

II.    Confirmation of the Award

"Confirmation of a labor arbitration award under LMRA § 301 is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court."  Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension and Welfare Funds v. Thalle/Transit Constr. Joint Venture, No. 12-CV-5661, 2014 WL 3529728, at *4 (E.D.N.Y. July 15, 2014) (quoting New York Med. Ctr. of Queens v. 1199 SEIU United Healthcare Workers E., No. 11-CV-4421, 2012 WL 2179118, at *4 (E.D.N.Y. June 13, 2012)) (additional citation and internal quotation marks omitted).  The Court's review of an arbitration award is "'severely limited' so as not to frustrate the goals of arbitration – namely to settle disputes efficiently and avoid long and expensive litigation."  Advanced Ready Mix, 2013 WL 685447, at *2 (quoting Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp., 103 F.3d 9, 12 (2d Cir. 1997)); see also D.H. Blair, 462 F.3d at 110 ("[T]he court must grant the award unless the award is vacated, modified, or corrected.") (internal quotation marks and citations omitted).

As a result, the showing required to avoid summary confirmation of the award is very high.  "The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case.'" D.H. Blair, 462 F.3d at 110 (quoting Barbier v. Shearson Lehman Hutton, Inc., 948 F.2d 117, 121 (2d Cir. 1991)) (additional citation omitted).  Only a barely colorable justification for the outcome reached by the arbitrator[] is necessary to confirm the award."  D.H. Blair, 462 F.3d at 110 (internal quotation marks and citations omitted); see also 9 U.S.C.A. § 9.  Thus, "in evaluating [a] petition to confirm the result of [an] arbitration, the Court need only ensure that the arbitrator had some grounds on which to grant the damages spelled out in the [a]ward."

Trustees of the Local 807 Labor Mgmt. Health Fund v. Express Haulage, No. 07 CV 4211, 2008 WL 4693533, at *5 (E.D.N.Y. Oct. 23, 2008). A court must confirm the award where "there is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law." Advanced Ready Mix, 2013 WL 685447, at *3 (citation omitted); see also Local 97, Int'l Bhd. of Elec. Workers v. Niagara Mohawk Power Corp., 196 F.3d 117, 124 (2d Cir. 1999) ("Generally speaking, unless the award is procured through fraud or dishonesty, the decision should not be disturbed.") (citing United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 37-38 (1987)).

Petitioners have met their burden of demonstrating that there is no issue of material fact precluding confirmation of the Award through their submissions in support of the Petition, and the arbitrator's decision provides more than "a barely colorable justification for the outcome reached." D.H. Blair, 462 F.3d at 110. Prior to issuing the Award, the arbitrator held a hearing and determined that State Wide was bound to the 1999-02 CBA, and, based on the record presented, found that State Wide was required to pay $28,753.12 in deficient contributions to the Funds for the period October 2017 through January 2018. (Ex. F.) Where an arbitrator's award "draws its essence from the collective bargaining agreement," Saint Mary Home, Inc. v. Service Emp. Int'l Union, 116 F.3d 41, 44 (2d Cir. 1997) (internal quotation marks and citation omitted), the court must affirm the award so long as the arbitrator's decision is "plausibly grounded in the parties' agreement." Wackenhut Corp. v. Amalgamated Local 515, 126 F.3d 29, 32 (2d Cir. 1997). Here, the Award draws its essence from the 1999-02 CBA, which establishes liability for the amounts awarded. Moreover, the Collection Policy entitles Petitioners to recover additional amounts for interest, liquidated damages, attorney's fees, costs, and the arbitrator's fee. (Ex. C.) Although this Court has not been presented with copies of the materials on which the arbitrator

7

relied, "there is no reason to doubt the arbitrator's interpretation of those materials." Advanced Ready Mix, 2013 WL 685447, at *3. There is no indication that the arbitration decision was irrational, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law; nor is there any suggestion that the Award was obtained through fraud or dishonesty. Thus, it is recommended that the arbitration Award of $35,041.18 be confirmed.

III.    Attorney's Fees and Costs

Petitioners seek an award of $427.50 in attorney's fees and $475.00 in costs with respect to this action. The Collection Policy provides that "[a]ttorneys' fees shall be due to the Fund from a delinquent employer at the hourly rate charged to the Fund for all time spent by Counsel in collection efforts . . . ." (Ex. C, § 6.2.) Moreover, in actions for the confirmation of arbitration awards, "the guiding principle has been stated as follows: when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." International Chem. Workers Union v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir. 1985) (internal quotation marks and citation omitted); see also Abondolo v. H & M.S. Meat Corp., No. 07 Civ. 3870, 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) (noting that "courts have routinely awarded attorney[']s fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court"); New York City Dist. Council of Carpenters Pension Fund v. Brookside Contracting Co., Inc., No. 07 Civ. 2583, 2007 WL 3407065, at *2 (S.D.N.Y. Nov. 14, 2007) (finding that "[f]ailure to appear at arbitration or the confirmation hearing may result in a grant of attorneys' fees on equitable grounds").

Because Respondent failed to appear at the arbitration hearing and has refused to abide by the arbitrator's decision, the Court recommends that Petitioners be awarded reasonable

attorney's fees incurred with respect to the instant Petition. When assessing the reasonableness of legal fees, the court must determine the "presumptively reasonable fee" for an attorney's services by looking to what a reasonable client would be willing to pay, keeping in mind that a reasonable, paying client "wishes to spend the minimum necessary to litigate the case effectively." Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks and citation omitted). The party seeking reimbursement of attorney's fees bears the burden of proving the reasonableness and the necessity of the hours spent and rates charged. See New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983).

"A reasonable [hourly] rate is the rate that a reasonable, paying client would be willing to pay." Barrella v. Vill. of Freeport, 43 F. Supp. 3d 136, 189 (E.D.N.Y. 2014) (internal quotation marks and citation omitted). Courts in the Second Circuit adhere to the forum rule, "which states that a district court should generally use the prevailing hourly rates in the district where it sits." Joseph v. HDMJ Rest., Inc., 970 F. Supp. 2d 131, 155 (E.D.N.Y. 2013) (citing Simmons, 575 F.3d 170, 176 (2d Cir. 2009)) (additional citations omitted). Courts in the Eastern District of New York award hourly rates ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates, and $70 to $100 per hour for paralegals. See Ferrara v. CMR Contracting LLC, 848 F. Supp. 2d 304, 313 (E.D.N.Y. 2012) ("In recent years, courts in this district have approved hourly fee rates in the range of $200 to $450 for partners, $100 to $300 for associates and $70 to $100 for paralegal assistants."). "In determining whether an hourly rate is reasonable, courts must take into account 'the nature of representation and type of work involved in a case

. . . .'" Bodon v. Domino's Pizza, LLC, No. 09-CV-2941, 2015 WL 3889577, at *8 (E.D.N.Y. June 4, 2015) (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 184 n.2 (2d Cir. 2008)).

Petitioners seek an award of $427.50, reflecting 1.9 hours of work, based on charges of $225.00 per hour for associate Nicole Marimon. (Petition ¶¶ 26-33, and Ex. F, annexed thereto.) Ms. Marimon is a 2014 graduate of Fordham University School of Law, and an associate of Petitioner's counsel, Virginia & Ambinder ("V&A"), where she regularly handles the prosecution of ERISA collection actions. (Id. ¶ 28.) The Court finds that the amount of time spent, as well as the hourly rate at which V&A billed for Ms. Marimon's time, is reasonable. See Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension and Welfare Funds v. Fourmen Constr., Inc., No. 15-CV-3252, 2016 WL 146245, at *5-6 (E.D.N.Y. Jan. 13, 2016) (holding that 4.7 hours billed on unopposed petition to confirm an arbitration award was reasonable, and awarding hourly rate of $225 to V&A associate); Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension and Welfare Funds v. Penco United, LLC, No. 13-CV-4745, 2015 WL 1650960, at *3 (E.D.N.Y. Apr. 14, 2015) (awarding hourly rate of $225 to V&A associates). Therefore, this Court respectfully recommends that Petitioners be granted $427.50 in attorney's fees.

Petitioners also seek the costs of this litigation in the amount of $475.00, consisting of, inter alia, the court filing fee of $400.00 and service fees of $75.00. (Pet. ¶ 32.) ERISA provides for the recovery of costs associated with litigation, see 29 U.S.C. § 1132(g)(2)(D), and "[a] court will generally award 'those reasonable out-of-pocket expenses incurred by the attorney[s] and which are normally charged fee paying clients.'" Finkel v. Jones Lang LaSalle Ams., Inc., No. 08-CV-2333, 2009 WL 5172869, at *6 (E.D.N.Y. Dec. 30, 2009) (quoting Reichman v.

Bonsignore, Brignati & Mazzotta, P.C., 818 F.2d 278, 283 (2d Cir. 1987)).  Indeed, courts in this district allow for the recovery of service and filing fees in arbitration confirmation proceedings. See, e.g., Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension and Welfare Funds v .J.H. Reid Gen. Constr. Co., No. CV 14-6407, 2015 WL 8111121, at *5 (E.D.N.Y. Oct. 19, 2015) (awarding $475.00 in costs to recover for the court filing fee and a service fee); Abondolo, 829 F. Supp. 2d at 130 (awarding service and filing fees). Moreover, the Arbitrator's Award expressly provides that "the employer shall be responsible for all court costs including, but not limited to, the filing fee of $400.00."  (Ex. E)  Therefore, the Court recommends that Petitioners be awarded $475.00 in costs.

IV.    Prejudgment Interest

Petitioners seek an award of interest from the date of the March 12, 2018 Award through the date of judgment in this action.  (Petition, Wherefore Clause, ¶ 2.)  The Court construes this request as seeking prejudgment interest.

Under ERISA, "interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26."  29 U.S.C. § 1132(g)(2).  Moreover, when interest is accruing during the pendency of the action and it is explicitly requested in the complaint, such interest will be awarded.  See Ames v. STAT Fire Suppression, Inc., 227 F.R.D. 361, 362 (E.D.N.Y. 2005).  Pursuant to the Collection Policy, interest on delinquent contributions is to be calculated at the rate of 0.75% per month, and such an amount was explicitly sought in the Petition.  Accordingly, this Court recommends that Petitioners be awarded prejudgment interest at the rate of 0.75% per month, from the date of the Award – March 12, 2018 – through the date that judgment is entered in this action.  See Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension and

Welfare Funds v. Bronx Base Builders, Ltd., No. 15-CV-2892, 2016 WL 1032812, at *3 (E.D.N.Y. Mar. 15, 2016).

## RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that the arbitrator's Award be confirmed in the amount of $35,041.18, and that Petitioners be awarded attorney's fees in the amount of $427.50 and costs in the amount of $475.00, for a total monetary award of $35,943.68.  This Court further recommends that Petitioners be awarded prejudgment interest at the rate of 0.75% per month from the date of the Award – March 12, 2018 – through the date of judgment herein.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to Petitioners by electronic filing.  Petitioners are directed to serve a copy of this Report and Recommendation on Respondent by certified mail, and to file proof of service with the Court within three (3) days. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days.  See 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. See Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010); Ferrer v. Woliver, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).


**SO ORDERED.**

Dated: Central Islip, New York
    April 24, 2019                               /s/      Anne. Y. Shields
                                                 Anne Y. Shields
                                                 United States Magistrate Judge